UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JAMIE FRANCISCO GONZALEZ-LOPEZ,　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　)　　　No. 2:26-cv-00200-JRO-MG
　　　　　　　　　　　　　　　　　　)
BRISON SWEARINGEN,　　　　　　　　)
MARCOS CHARLES,　　　　　　　　　 )
MARKWAYNE MULLIN, and　　　　　　 )
TODD BLANCHE,[1]　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Respondents.　　　　 )

**ORDER TO SHOW CAUSE**

The Court has reason to believe this habeas action may be moot.　Under Article III of the Constitution, the federal courts are limited to hearing "Cases" and "Controversies."　U.S. Const., Art. III, § 2.　"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."　*Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). Put differently, mootness arises "when it is impossible for a court to grant any effectual relief whatever to the prevailing party."　*Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (quoting *Knox v. Service Emp. Int'l Union*, 567 U.S. 298, 307 (2012)).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin (as Secretary of the U.S. Department of Homeland Security) and Todd Blanche (as Acting Attorney General of the United States) are automatically substituted for Respondents Kristi Noem and Pam Bondi as parties in this suit.

Petitioner's core argument for habeas relief is that Respondents have unlawfully subjected him to mandatory detention for the duration of his removal proceedings.  *See Dep't Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (explaining the writ of habeas corpus "provide[s] a means of contesting the lawfulness of restraint and securing release").  Respondents rely upon 8 U.S.C. § 1225(b)(2)(A) to detain Petitioner without a bond hearing pending removal proceedings because they argue he is an "applicant for admission." Petitioner contends that 8 U.S.C. § 1226(a) governs his detention and entitles him to a bond determination.  By way of relief, he seeks "an order ordering the Immigration Judge presiding in the Petitioner's removal proceedings to conduct a bond determination hearing per § 1226."  Dkt. 11 at 4.

The Executive Office for Immigration Review's ("EOIR") automated case information system, however, indicates that Petitioner was ordered removed at a hearing on April 8, 2026.  *See Automated Case Information*, EOIR, https://acis.eoir.justice.gov/en/ (last visited April 29, 2026).[2]  Given this removal order, the Court may no longer be able to afford Petitioner the relief he seeks in habeas—that is, a bond hearing "*pending a decision* on whether [he] is to be removed from the United States."  8 U.S.C. § 1226(a) (emphasis added).

That, in part, depends on whether Petitioner's removal order is "administratively final."  8 U.S.C. § 1231(a)(1)(B)(i).  If so, his detention is not

---

[2] The Court takes judicial notice of this information from EOIR's official website.  *See* Fed. R. Civ. P. 201(c) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

governed by 8 U.S.C § 1225 or 1226 but rather by 8 U.S.C. § 1231, which provides for mandatory detention during the "post-removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021). A removal order is "administratively final" when the Board of Immigration Appeals' ("BIA") review has concluded. *Id.* at 534 ("By using the word 'administratively,' Congress focused our attention on the agency's review proceedings, separate and apart from any judicial review proceedings that may occur in a court."). A removal order also becomes "administratively final" where the time for seeking BIA review has expired, *id.*, or the alien has waived any right to appeal the removal order, *see, e.g., Campero v. ICE*, No. 4:26-CV-00351-JRK, 2026 WL 1102142, at *4 (N.D. Ohio April 23, 2026) (finding alien habeas petitioner's detention was governed by Section 1231, not Section 1226(a), because removal order was final based on waiver of any right to appeal).

To ensure that the Court is not "deciding legal disputes or expounding on law in the absence of . . . a case or controversy," *Already, LLC*, 568 U.S. at 90, the parties are **ORDERED TO SHOW CAUSE within 7 days** why the instant petition for writ of habeas corpus should not be dismissed without prejudice as moot. The parties' responses should address whether the Petitioner is subject to an order of removal that is "administratively final" in nature.

**SO ORDERED.**
Date: 4/29/2026

_____
Justin R. Olson
United States District Judge
Southern District of Indiana

3

Distribution:

All ECF-registered counsel of record via email